IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Greenwood Forgings, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-10027 (BLS)<br><br>**Related Docket No. 8** |

**OBJECTION BY BOSTON FINANCE GROUP LLC TO DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS: (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105 AND 363(c)(2); (B) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361; (C) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362; AND (D) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Boston Finance Group LLC ("BFG"), by and through its undersigned counsel, objects to the Motion (the "Bridgeport Cash Collateral Motion) of Greenwood Forgings, LLC (the "Debtor" or "Greenwood") pursuant to Sections 105(a), 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for Entry of Final Orders (a) Authorizing the Debtor to Use Cash Collateral; (b) Granting Adequate Protection; (c) Modifying the Automatic Stay; and (d) Scheduling a Final Hearing on the Cash Collateral Motion for the reasons set forth below.

### BACKGROUND

A. **Debtor's Chapter 11 Case**

1. On January 7, 2013 (the "Petition Date"), Greenwood filed a voluntary petition for relief (the "Greenwood Chapter 11 Case") under Chapter 11 of the Bankruptcy Code.

2. On January 9, 2013 Greenwood filed the Bridgeport Cash Collateral Motion seeking interim and final relief to use the cash collateral of Bridgeport Capital Funding, LLC ("Bridgeport").

3. On January 10, 2013 this Court held a hearing (the "First Day Hearing") to consider the Bridgeport Cash Collateral Motion, amongst other motions filed by the Debtor. At the First Day Hearing, the Court granted the Bridgeport Cash Collateral Motion on an interim basis, subject to further interim and final hearings. The Court ordered that the Debtor may use Bridgeport's Cash Collateral subject to a form of order to be entered, and further ordered that the Debtor is prohibited from using the cash collateral of other secured parties, including BFG.

4. On January 11, 2013, the Debtor, Bridgeport, BFG and others negotiated the form of the Bridgeport Interim Cash Collateral Order, defined below.

5. On January 14, 2013, this Court entered the Interim Order (A) Authorizing Debtor To Use Cash Collateral Pursuant To 11 U.S.C. §§ 105 And 363(c)(2); (B) Granting Adequate Protection Pursuant To 11 U.S.C. § 361; And (C) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362 (the "Bridgeport Interim Cash Collateral Order"). At the time this Objection is filed, the Debtor has provided BFG no budget, no accounting of cash collections to date, no accounting of factored and non-factored accounts, and no request for financing.

6. No trustee, examiner or statutory committee has been appointed in the Greenwood Chapter 11 Case.

**B.     BFG's Liens**

7.      On January 16, 2013, BFG filed its Expedited Motion for Adequate Protection (Docket No. 25) (the "BFG Adequate Protection Motion"),[1] seeking adequate protection of its interests in property of the estate. Through the BFG Adequate Protection Motion, BFG asserts that it holds an interest in accounts, machinery and equipment, as well as other property in which the Debtor granted BFG an interest. BFG incorporates the BFG Adequate Protection Motion and the exhibits attached thereto as though set forth at length herein. The BFG Adequate Protection Motion requests adequate protection for Debtor's use of BFG's cash collateral over BFG's objection, and any diminution in value of its interest in the BFG Collateral resulting from the imposition of the stay and the Debtor's use, sale or lease of the BFG Collateral, in the form of (i) replacement liens to the extent the Debtor uses the A/R Collateral; and (ii) periodic cash payments to compensate BFG for the depreciation of the Equipment Collateral as the result of the Debtor's use of such machinery and equipment.

8.      A hearing on the Adequate Protection Motion has been scheduled for January 22, 2013.

## OBJECTION

9.      BFG has not been granted adequate protection of its interest in the BFG Collateral for the Debtor's use of cash collateral over BFG's objection or on account of the imposition of the automatic stay.

10.     BFG maintains a judgment lien on the Debtor's accounts and the proceeds thereof by virtue of the Garnishments. See Mary v Lewis, 249 N.W.2d 102, 106 (Mich. 1976) ("Michigan follows the general rule that a garnishment lien attaches upon service of the writ.").

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the BFG Adequate Protection Motion.

As this Court did not authorize the Debtor to use BFG's cash collateral, and in fact expressly ordered at the First Day Hearing that the Debtor shall not use BFG's cash collateral, the Debtor must obtain BFG's consent in order to use any proceeds generated from the A/R Collateral.

11. BFG has not given its consent to the Debtor's use of any proceeds generated from the A/R Collateral, or proceeds generated from any of the other BFG Collateral.

12. The Debtor has not provided any accounting of cash on hand or receipts which would indicate the extent to which the Debtor's proposed use of cash collateral would use proceeds generated from the A/R Collateral, or proceeds generated from any of the other BFG Collateral.

13. Furthermore, the Debtor has not provided an operating budget reflecting, going forward, the impact of its proposed use of cash collateral on the value of the Debtor's estate, or the extent to which the Debtor will be replacing existing accounts with new inventory and accounts.

14. Furthermore, the Debtor has not disclosed the interest, fees and costs to Bridgeport of the Debtor's proposed use of Bridgeport's cash collateral, or the impact of those costs on BFG's interest in the A/R Collateral, the BFG collateral, or on any operating budget.

15. The Debtor is unable to provide any form of adequate protection as contemplated under Bankruptcy Code section 361 and the Debtor therefore may not use BFG's cash collateral. The Debtor has failed to demonstrate any ability to make periodic cash payments, the Debtor has failed to identify any assets on which it could grant a replacement lien, and the Debtor has failed to indicate any other method by which it could provide BFG with the indubitable equivalent of BFG's claims.

## CONCLUSION

WHEREFORE, BFG respectfully requests, in light of this Objection and the BFG Adequate Protection Motion, that this Court deny the Bridgeport Cash Collateral Motion and grant such other and further relief as this Court deems just and proper.

Dated: January 18, 2012  
      Wilmington, Delaware

/s/Stuart M. Brown  
Stuart M. Brown (DE 4050)  
R. Craig Martin (DE 5032)  
**DLA PIPER LLP (US)**  
919 N. Market Street, 15th Floor  
Wilmington, DE 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: stuart.brown@dlapiper.com  
      craig.martin@dlapiper.com

-and-

Gregg M. Galardi (DE 2991; NY 4535506)  
Sarah E. Castle (NY 4932240)  
**DLA PIPER LLP (US)**  
1251 Avenue of the Americas  
New York, NY 10020-1104  
Telephone: (212) 335-4500  
Facsimile: (212) 335-4501  
Email: gregg.galardi@dlapiper.com  
      sarah.castle@dlapiper.com

*Counsel to Boston Finance Group LLC*